

# KEN PAXTON

### ATTORNEY GENERAL OF TEXAS

June 27, 2016

The Honorable Carlos Omar Garcia
79th Judicial District Attorney
Jim Wells and Brooks Counties
Post Office Drawer 3157
Alice, Texas 78333

Opinion No. KP-0098

Re: Requirements for a municipality's posting of notice regarding the carrying of handguns (RQ-0087-KP)

Dear Mr. Garcia:

You request an opinion on behalf of the City of Alice asking multiple questions concerning the requirements a city must follow in posting notice about the carrying of handguns at open and closed meetings of a city council.[1] Subsection 46.035(c) of the Penal Code makes it a criminal offense to carry a handgun in rooms where a meeting of a governmental entity is held under certain circumstances:

> A license holder commits an offense if the license holder intentionally, knowingly, or recklessly carries a handgun under the authority of Subchapter H, Chapter 411, Government Code, regardless of whether the handgun is concealed or carried in a shoulder or belt holster, in the room or rooms where a meeting of a governmental entity is held and if the meeting is an open meeting subject to Chapter 551, Government Code, and the entity provided notice as required by that chapter.

TEX. PENAL CODE § 46.035(c). Sections 30.06 and 30.07 of the Penal Code provide the language to be used in a notice to prohibit entry with a concealed handgun and entry with a handgun that is carried openly. *See id.* §§ 30.06(c)(3)(A), .07(c)(3)(A). Your questions relate to where and when a governmental entity may post those notices to exclude the carrying of handguns at meetings. *See* Request Letter Attachment at 2.

Each of your five questions assumes that a governmental entity is authorized to prohibit the carrying of handguns in closed meetings. *See id.* Subsection 46.035(c) makes it a criminal offense to carry a handgun only in instances when "the meeting is an open meeting subject to Chapter 551, Government Code." TEX. PENAL CODE § 46.035(c). "Open" for purposes of chapter

---

[1]*See* Letter from Honorable Carlos Omar Garcia, 79th Judicial Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Dec. 28, 2015); Letter from David D. Towler, City Att'y, City of Alice, to Office of the Att'y Gen. at 2 (Dec. 21, 2015) ("Request Letter Attachment"), https://www.texasattorneygeneral.gov/opinions/request-for-opinion-rqs.

551 of the Government Code is defined as "open to the public." TEX. GOV'T CODE § 551.001(5). "Closed meeting" is defined as "a meeting to which the public does not have access." *Id.* § 551.001(1). Because subsection 46.035(c) is expressly limited to open meetings and there is no reference to closed meetings in either sections 46.03 or 46.035, it is not a criminal offense for individuals authorized to attend the closed meeting to carry handguns into that meeting unless the closed meeting is held in a location where handguns can be prohibited through some other provision of sections 46.03 or 46.035. *See* TEX. PENAL CODE §§ 30.06(e) ("It is an exception to the application of this section that the property on which the license holder carries a handgun is owned or leased by a governmental entity and is not a premises or other place on which the license holder is prohibited from carrying the handgun under Section 46.03 or 46.035."), .07(e) (same). Section 411.209 of the Government Code prohibits a state agency or political subdivision from posting notice prohibiting the carrying of a handgun "unless license holders are prohibited from carrying a handgun on the premises or other place by Section 46.03 or 46.035, Penal Code." TEX. GOV'T CODE § 411.209(a). Thus, a city may be liable for a civil penalty if it posts notice under section 30.06 of the Penal Code prohibiting entry into a closed meeting with a handgun unless the closed meeting is held in a location where handguns can otherwise be prohibited. *See id.* § 411.209(b).[2] Given this conclusion, we answer each of your questions only with regard to notices prohibiting the carrying of handguns in open meetings of a governmental entity.

Your first three questions ask whether the open carry notice and the concealed carry notice should be posted at the entrance to the building or the entrance to the meeting room, and whether a city may "prohibit entry to the entire City Hall, or just to the" meeting room by a person carrying a handgun. Request Letter Attachment at 2. Subsection 46.035(c) creates an offense for the carrying of handguns only "in the room or rooms where a meeting of a governmental entity is held . . . ." TEX. PENAL CODE § 46.035(c). In construing a statute, our objective is to determine and give effect to the Legislature's intent, which we do by first looking to the "plain and common meaning of the statute's words." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). By specifically limiting the offense to carrying a handgun in "the room or rooms," the plain language of the statute makes it clear that the Legislature did not intend this provision to prohibit the carrying of handguns throughout an entire building but instead only in the specific room or rooms where an open meeting of a governmental entity is held. *See* TEX. PENAL CODE § 46.035.

You note that sections 30.06 and 30.07 of the Penal Code provide language for the notice that states a licensee "may not enter this property." Request Letter Attachment at 2. The only property where entry with a handgun is forbidden under subsection 46.035(c) is the meeting room or rooms, and a governmental entity may not prohibit the carrying of a handgun from a location

---

[2]The Open Meetings Act authorizes governmental bodies to meet in closed session to discuss certain topics, and the public does not have access to such meetings. *See* TEX. GOV'T CODE §§ 551.071–.090 (authorizing closed meetings in specific circumstances), .001(1) (defining a closed meeting as one "to which the public does not have access"). Thus, while section 46.035 does not authorize a governmental body to exclude the carrying of handguns from closed meetings, only the members of the governmental body and those individuals invited by the governmental body have a right to attend a closed meeting. *See* Tex. Att'y Gen. Op. No. JM-6 (1983) at 1–2 (explaining that only the members of the governmental body have a right to convene in executive session).

other than those listed under sections 46.03 and 46.035 of the Penal Code. If a governmental entity posts notice at the entrance to a building, it could suggest that a license holder is prohibited from carrying a handgun throughout the building when in fact the law provides otherwise. Governmental entities should therefore place their notices under sections 30.06 and 30.07 of the Penal Code at the entrance to the room or rooms where an open meeting is held when excluding the carrying of handguns under subsection 46.035(c).[3] If a governmental entity posts a 30.06 notice indicating that a license holder is prohibited from entering a portion of a building other than those areas listed in sections 46.03 and 46.035 of the Penal Code, the governmental entity may be liable for a civil penalty under section 411.209 of the Government Code. *See* TEX. GOV'T CODE § 411.209(a)–(b).

You also ask whether the concealed carry and open carry notices may remain posted at times when the governmental entity is not meeting. Request Letter Attachment at 2. Section 46.035(c) prohibits the carrying of handguns in the room or rooms where a meeting of a governmental entity is held only "if the meeting is an open meeting subject to Chapter 551, Government Code." TEX. PENAL CODE § 46.035(c). If a room is used for open meetings and for other purposes, a governmental entity may not provide notice under section 30.06 or 30.07 excluding the carrying of handguns when the room is used for purposes other than an open meeting.

Assuming that the notices must be posted temporarily, you ask "how long in advance of, and after, the actual time of the Meeting . . . may the Notices be given?" Request Letter Attachment at 2. The statutory scheme does not establish specific times at which such notices may be posted and must be removed. It would seem reasonable to conclude, however, that a governmental entity could post the 30.06 and 30.07 notices at the time the room or rooms are opened to the public for the open meeting, and the notices should be removed when the open meeting is adjourned.

You also ask whether the timing requirements would be different for notice given in a "card or other document," as that phrase is used in subsections 30.06(c)(3)(A) and 30.07(c)(3)(A). *Id.* Sections 30.06 and 30.07 authorize notice to be given by written communication in two ways, either by a posted sign, as discussed above, or by "a card or other document on which is written" the prescribed notice language. TEX. PENAL CODE §§ 30.06(c)(3), .07(c)(3). While you are concerned with the timing of the notice, the more important inquiry is the message that is conveyed when these cards or documents are distributed. If using cards or documents to provide notice that the carrying of handguns is prohibited pursuant to subsection 46.035(c) of the Penal Code, a governmental entity should make it clear that the prohibition applies only to the meeting room or rooms and only when the governmental entity is holding an open meeting. Subsections 30.06(c)(3) and 30.07(c)(3) would allow a governmental entity to pass out cards at the entrance to a meeting room where an open meeting is held to provide notice that entry with handguns is forbidden, or a

---

[3]Because your fourth question is premised on a conclusion that section 30.06 and 30.07 notices should be posted at the entrance to a building that includes a room or rooms where a meeting of a governmental entity is held, we do not address it further. *See* Request Letter Attachment at 2.

governmental entity could include as part of its open meeting notice that the carrying of handguns will not be allowed in the open meeting.[4]

---

[4]Section 551.041 of the Government Code requires a governmental body to provide "written notice of the date, hour, place, and subject of each meeting." TEX. GOV'T CODE § 551.041. A city posting such notice must do so at least 72 hours before the scheduled meeting. *Id.* § 551.043.

## S U M M A R Y

Subsection 46.035(c) of the Penal Code makes it an offense to carry a handgun "in the room or rooms where a meeting of a governmental entity is held and if the meeting is an open meeting subject to Chapter 551, Government Code" and the entity provided the requisite notice.  By specifically limiting the offense to carrying a handgun in "the room or rooms," the Legislature made it clear that it did not intend to prohibit the carrying of handguns throughout an entire building but instead only in the specific room or rooms where an open meeting of a governmental entity is held.

Governmental entities should place their notices that entry with a handgun is prohibited at the entrance to the room or rooms where an open meeting is held. A governmental entity may not provide notice that excludes the carrying of handguns when the room or rooms are used for purposes other than an open meeting.

Very truly yours,

KEN PAXTON
Attorney General of Texas


JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee